Dear Mr. Adams:
There have been several requests to revisit the opinions of this office embodied in opinions numbered La. Atty. Gen. Ops. 09-0035 and 09-0035A. Input has been offered by agencies and individuals both supporting and opposing these opinions and this office has engaged in extensive research regarding the basis for these opinions. For the reasons set forth below, La. Atty. Gen. Ops. 09-0035 and 09-0035A are hereby recalled and vacated.
La. Atty. Gen. Ops. 09-0035 and 09-0035A failed to properly distinguish between the "rate" of compensation and the "payment" of compensation.
An examination of the statute which governs both the rate and payment of compensation for private auditing firms engaged by political subdivisions to assist in examination and audit of tax payers must begin with Act 389 § 1 of the 1983 Louisiana Regular Legislative Session which enacted La.R.S. 33:2719. It provided in pertinent part as follows:
 Any such contract with a private agency shall provide for reasonable compensation on a salary, per diem, or hourly basis. The payment, but not the rate, of the salary per diem or hourly rate of compensation to the private agency may be contingent on the actual collection of taxes by the political subdivision. (Emphasis added).
This statute clearly distinguished between the "payment" of compensation and the "rate" of compensation which had to be salary, per diem or hourly. *Page 2 
Act 36 § 1 of the 1995 Louisiana Regular Legislative Session amended La.R.S. 33:2719(B) to provide:
 . . . The rate of compensation shall be on an hourly basis, plus reasonable expenses. The payment shall not exceed thirty percent of taxes collected pursuant to an audit if payment is contingent on the actual collection of taxes . . . (Emphasis added).
This amendment restricted the "rate" of compensation to an hourly basis plus expenses. The "payment" of compensation was limited to thirty percent of the amount of taxes but only "if payment was on a contingency basis."
There is no prohibition in law or jurisprudence preventing a political subdivision from making payment of a fee, the rate of which is fixed on an hourly basis, contingent on the success of the person, firm or corporation to whom the fee is payable.
The second sentence of Act 36 § 1 does not purport to confer the authority to make payment of a fee contingent on collection. It merely assumes, and correctly so, that payments may be contingent on collection.
La.R.S. 33:2719 now reads as follows:
 . . . The rate of compensation shall be on an hourly basis, plus reasonable expenses. . . .[1]
Since the sentence referring to contingency payments appearing in Act 36 § 1 was intended only to cap the amount of payment of an hourly rate fee and was not intended (nor needed) to extend the authority to make payment of hourly rate fees contingent on collection of taxes, the removal of this sentence by Act 1140 of the 1997 Louisiana Regular Legislative Session cannot be read to prohibit making payment of hourly rate fees contingent upon collection of taxes. Since no prohibition against contingency payment of an hourly rate fee exists in law or jurisprudence it was not necessary to extend such authority in this statute.
The removal of the sentence regarding contingency payment was intended only to remove the limitation that "if" payment was contingent on an actual collection of taxes, the hourly rate fee could not exceed thirty percent of taxes collected.
Currently, the rate of compensation must be hourly plus reasonable expenses. However, if payment of the fee so calculated is contingent upon actual collection of taxes, the fee does not have to be limited to a percentage of taxes collected. *Page 3 
This office so held in La. Atty. Gen. Op. 99-298. That opinion is hereby reconfirmed. La. Atty. Gen. Ops. No. 09-0035 and 09-0035A are hereby recalled and vacated.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 BY:__________________________ JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 JDC:ct
[1] Act 73 of the 2003 Louisiana Regular Legislative Session redesignated La.R.S. 33:2719 as La.R.S. 47:337.26, but did not change the pertinent part.